IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Lynn Robinson, | ) | Case No 6:24-cv-03011-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Scotty Bodiford, April Roberts, Edgar Logan, Andrew Young, Michael Kimbler, Aaron Smith, Anthony Basile, Eric Pressley, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's motion to proceed in forma pauperis. ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On July 30, 2024, the Magistrate Judge issued a Report recommending that the motion for leave to proceed in forma pauperis be denied and that Plaintiff be directed to pay the full filing fee within 21 days. ECF No. 20. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report.[1] ECF No. 22.

---

[1] Plaintiff has also filed several letters. The letter dated July 30, 2024, was received the same day that the Report was issued. ECF No. 21. Upon a review of the contents of the letter and in consideration of the date on which it was received, the Court does not believe it is responsive to the Report and has not considered it as such. The remainder of Plaintiff's letters received after the issuance of the Report have been considered as supplemental objections. ECF Nos. 25, 26, 27, 28, 29, 30.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Upon de novo consideration of the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff, an incarcerated person proceeding pro se, has previously filed at least three cases which qualify as a strike under the Prison Litigation Reform Act, 29 U.S.C. § 1915(g) ("PLRA"). He therefore cannot proceed in forma pauperis unless he satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. See *id.*; *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010). Plaintiff makes allegations regarding his hand, which was injured during his arrest, including lack of sufficient treatment. The Court agrees with the Magistrate Judge that these allegations

are "wholly conclusory and lack some basis in the record or complaint." *See Hall v. United States of America*, 44 F.4th 218 (4th Cir. 2022) (holding that "the district court must determine whether these allegations are supported by the record and whether they rise to the level of imminent danger").

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Plaintiff's motion to proceed in forma pauperis [9] is **DENIED**. Plaintiff is **DIRECTED** to pay the full filing fee $405[2] within 21 days of the date of this Order. If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 11, 2024
Spartanburg, South Carolina

---

[2] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350. On December 1, 2023, the administrative filing fee increased to $55. Any check for the filing fee should be made payable to "Clerk, U.S. District Court."